```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA

STEWART JEFFREY                  *        CIVIL ACTION

VERSUS                           *        NO: 06-2525

INSURANCE UNDERWRITERS, LTD      *        SECTION: "D"(5)
AND RONALD PAULIN
```

### ORDER AND REASONS

Before the court is the **"Motion to Remand"** filed by Plaintiff, Stewart Jeffrey. Defendant, Insurance Underwriters, Ltd., filed a memorandum in opposition. The motion, set for hearing on Wednesday, July 5, 2006, is before the court on briefs, without oral argument. Now, having considered the memoranda of counsel, the record, and the applicable law, the court finds that the motion should be granted.

In his Petition for Damages filed in Civil District Court for the Parish of Orleans, Plaintiff alleges that on or about August 29, 2005, following the landfall of Hurricane Katrina, his home flooded, "resulting in damage to [his] home, damage to other structures on [his] property, damage to the contents of [his] home, and loss of use of [his] home." (Petition, ¶5). Plaintiff sues

Defendants, Insurance Underwriters, Ltd. and Ronald Paulin, an employee/agent of Insurance Underwriters, and asserts negligence claims against these Defendants arising out of Defendant Paulin's alleged failure to procure sufficient insurance coverage for Plaintiff. This is not a claims "handling" case.

Insurance Underwriters, Ltd. removed the matter to this court based on federal question jurisdiction, alleging *inter alia* that the lawsuit includes a claim for interpretation of a standard flood insurance policy (SFIP) issued by a Write-Your-Own Program Carrier as part of its participation in the National Flood Insurance Program (NFIP), and that the NFIP, the claims asserted under that program, and the SFIP are all governed exclusively by the National Flood Insurance Act and Federal Law, 42 U.S.C. §4001, *et seq*.

In their Motion to Remand, Plaintiffs maintain that this case is purely a case of negligence and not one that involves interpretation of a federal flood insurance policy. But Insurance Underwriters argues that "Plaintiff's claims that he was not informed he could purchase coverage for loss of his contents, loss of other structures on the property, or expenses occurred as a result of loss of use of his residence relate to the express terms of the SFIP and are preempted." (Defendant's Opp. at 9).

In *Wright V. Allstate Insurance Company,* 415 F.3d 384 (5th Cir. 2005), the Fifth Circuit found that adjustment of an insurance

claim is considered "handling," and as such, the NFIA would preempt any state law claims. *Id*. at 390. However, the Fifth Circuit has not yet determined whether a state law claim for errors or omissions would be considered "handling," and it has also not yet determined whether state law claims for improper procurement would be preempted by the NFIA.

However, several district courts have held that federal question jurisdiction does not exist for claims related to flood insurance procurement. *Landry v. State Farm Fire & Casualty Co.*, 428 F.Supp.2d 531, 534-36 (E.D.La. 2006)(Fallon, J.); *Waltrip v. Brooks Agency, Inc.*, 417 F.Supp.2d 768, 770 (E.D.Va. 2006); *Roybal v. Los Alamos National Bank*, 375 F.Supp.2d 1324, 1332-33 (D.N.M. 2005); *Corliss v. South Carolina Ins. Co.*, 2004 WL 2988497 at *3 (E.D.La. 2004)(Vance, J.); *Elizabeth v. USAA Gen. Indem. Co.*, 2002 WL 31886719 at *3 (E.D.La. 2002)(Vance, J.).  This court agrees with the rationale of set forth in the *Landry* decision that:

> The distinction that other courts have made between handling and procurement of an NFIA policy for purposes of federal jurisdiction is compelling.  The federal courts premise their jurisdiction under the NFIA upon the fact that policies under the National Flood Insurance Program are paid from the federal treasury; thus, the claims regarding handling of those policies also involve the spending of federal funds...However, under the NFIA, federal funds are not used to reimburse [Write Your Own] insurers for liability arising outside the scope of the ACT.  44 C.F.R. Pt. 62, App. A,

> Art. IX. Thus, for tort claims or extra-contractual claims related to an NFIA policy, an insured can obtain no reimbursement from the federal treasury because these claims fall outside the scope of the Act. Therefore, there is no equivalent justification for state law claims because there is no expenditure of federal funds ...
>
> *Wright* and the updated FEMA regulations do not change the underlying rationale for the handling and procurement distinction for purposes of federal question jurisdiction, that is, that claims for handling of an NFIP policy present federal questions because federal funds are implicated in their disposition. Because this distinction is sound and is supported by case law, the Court shall continue to follow that distinction.

*Landry,* 428 F.Supp.2d at 534-35.

Therefore, the court concludes that Plaintiff's claims against Defendants, which are not claims challenging the "handling" of their claims, but rather claims alleging Defendants' negligence relating to the procurement of insurance coverage, do not fall under federal question jurisdiction. According;

**IT IS ORDERED** that Plaintiff's **"Motion to Remand"** be and is hereby **GRANTED**, for lack of subject matter jurisdiction.

New Orleans, Louisiana, this **7th** day of **July**, **2006**.

_____
A.J. McNAMARA
UNITED STATES DISTRICT JUDGE